# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY GEORGE SIDDELL,<br><br>                          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                          Defendant. | Case No.: 24-cv-910-DMS-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF JURISDICTION** |

      Pending before the Court is Defendant United States of America's motion to dismiss Plaintiff LeRoy George Siddell's Complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). (Defendant's Motion to Dismiss, (Motion), ECF No. 7). Plaintiff, a licensed attorney but proceeding *pro se*, did not file a response in opposition.[1] The Court found this matter to be suitable for resolution without oral argument pursuant to Civil Local Rule 7.1(d)(1). (ECF No. 8). For the following reasons, Defendant's Motion is granted.

---

[1] Civil Local Rule 7.1(f)(3)(c) states that if an opposing party fails to file a response in opposition to a motion, that failure may constitute consent to the granting of a motion. A district court may grant an unopposed motion pursuant to a local rule which permits as much. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). The Court declines to grant Defendants' motion on procedural grounds and addresses the motion under Rule 12(b)(1).

1

## I. BACKGROUND

On January 31, 2024, Plaintiff Siddell, a licensed attorney in the State of California, made an appearance before Immigration Judge Valerie Burch at the Otay Mesa Immigration Court. (ECF No. 1, at 8). Plaintiff Siddell alleges that after proceedings were adjourned Judge Burch said that she "would take [his] license to practice law" in the presence of Plaintiff, her court personnel, and the government attorney. (*Id.*).

On March 29, 2024, Plaintiff Siddell filed this action in San Diego County Superior Court alleging slander per se against Judge Burch for her statements on January 31, 2024. (*Id.* at 7–10). On May 23, 2024, Judge Burch removed this action to this Court under the Federal Tort Claims Act ("FTCA") because the United States Attorney's Office for the Southern District of California certified that she was a federal employee acting within the scope of her employment when she allegedly harmed Plaintiff Siddell. ECF No. 1-5, at 1–2; 28 U.S.C. § 2679; 28 C.F.R. § 15.4. On May 24, 2024, Defendant United States of America filed a notice to substitute itself as defendant for Judge Burch pursuant to 28 U.S.C § 2679(d)(2). (ECF No. 2). Judge Benitez granted Defendant United States' notice to substitute itself as defendant and dismissed Judge Burch from this action with prejudice. (ECF No. 4).

On June 5, 2024, Plaintiff Siddell filed a Writ of Error Coram Nobis, effectively requesting that this Court should find the concept of sovereign immunity to be unconstitutional. (ECF No. 5).

On July 3, 2024, Judge Benitez recused himself and this case was reassigned to this Court. (ECF No. 6).

## II. LEGAL STANDARD

A federal court is a court of limited jurisdiction and possesses "only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 535, 541 (1986). Under Rule 12(b)(1), a party may move to dismiss for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). When ruling on such a motion, a court may consider extrinsic

evidence beyond the face of the complaint. *See Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). A challenge for lack of subject matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). A federal court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).

When a court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no (1) "undue delay," (2) bad faith or dilatory motive," (3) "undue prejudice to the opposing party" if amendment were allowed, or (4) "futility" in allowing amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment," *Intri-Plex Techs. v. Crest Grp., Inc.*, 499 F.3d 1048, 1056 (9th Cir. 2007), or "if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).

### III.   DISCUSSION

**A. FTCA – Intentional Torts Exception**

"[T]he United States can be sued only to the extent that it has waived its immunity." *U.S. v. Orleans*, 425 U.S. 807, 814 (1976). "The FTCA waives the sovereign immunity of the United States, allowing the United States to be sued for damages for injuries 'caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." *Sisto v. United States*, 8 F.4th 820, 824 (9th Cir. 2021) (quoting 28 U.S.C. §1346(b)(1)). "[D]ue regard must be given to the exceptions . . . to such waiver." *Orleans*, 425 U.S. at 814. Certain intentional torts are excepted from the FTCA's limited waiver of sovereign immunity, including "[a]ny claim arising out of . . . slander." *See* 28 U.S.C. §2680(h).

Defendant United States argues that Plaintiff's slander per se claim is barred by the FTCA's intentional tort exception. (Motion at 6). Plaintiff does not necessarily oppose, but he has made the argument sovereign immunity is unconstitutional. (ECF No. 5).

Defendant United States is correct. Plaintiff's slander per se claim falls under the intentional torts exception to the FTCA's waiver of sovereign immunity because it arises out of one of the enumerated torts in 28 U.S.C § 2680(h)—slander. "In determining whether a claim 'arises out of' one of the enumerated torts, [a district court] look[s] beyond a plaintiff's classification of the cause of action to examine whether the conduct upon which the claim is based constitutes one of the torts listed in § 2680(h)." *Sabow v. U.S.*, 93 F.3d 1445, 1456 (9th Cir. 1996). The focus of this examination is "whether conduct that constitutes an enumerated tort is 'essential' to a plaintiff's claim." *Id.*

Here, the alleged conduct and the excepted enumerated tort are one and the same. The thrust of Plaintiff's Complaint is the allegation that Judge Burch "knowingly" made a "defamatory statement" in the presence of others that "ha[d] the tendency to injure and has injured Plaintiff in his occupation." (ECF No. 1, at 8–9). The essential conduct is the alleged slander, since "[t]here is no other government conduct upon which [Plaintiff's] claim[] can rest." *Thomas-Lazear v. F.B.I.*, 851 F.2d 1202, 1207 (9th Cir. 1988) (quoting *Metz v. United States*, 788 F.2d 1528, 1535 (11th Cir. 1986). Thus, the Court finds that Plaintiff's slander per se claim is barred by the intentional torts exception of the FTCA. The Court also finds that no amendment could save Plaintiff's complaint from the intentional torts exception. Accordingly, the Court **DISMISSES** Plaintiff's complaint without leave to amend.

**B. FTCA – Administrative Exhaustion**

"[T]he [FTCA] further provides that before an individual can file an action against the United States in district court, [he] must seek an administrative resolution of [his] claim." *Valadez-Lopez v. Chertoff*, 656 F.3d 851, 855 (9th Cir. 2011) (citing 28 U.S.C. § 2675(a)); *see also* 28 U.S.C. §2675(a) ("[T]he claimant shall have first presented the claim to the appropriate Federal agency."). "The requirement of an administrative claim

is jurisdictional." *Id.* (quoting *Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000)). "Because the requirement is jurisdictional, it 'must be strictly adhered to. This is particularly so since the FTCA waives sovereign immunity. Any such waiver must be strictly construed in favor of the United States.'" *Id.* (quoting *Brady*, 211 F.3d at 502).

Plaintiff has not represented that he attempted any administrative remedy prior to filing this complaint. Nor does Defendant have record of any administrative claim by Plaintiff. (ECF No. 7-2, at 1–2). Thus, the Court finds that Plaintiff has failed to seek an administrative resolution of his claim with the appropriate Federal agency.[2] The Court also finds that no amendment could resolve Plaintiff's lack of administrative exhaustion. Accordingly, in the alternative, the Court would also dismiss Plaintiff's complaint without leave to amend for lack of administrative exhaustion.

### IV.   CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff's claim is dismissed without leave to amend.

**IT IS SO ORDERED.**

Dated: September 23, 2024

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[2] Because Plaintiff has failed to exhaust his administrative remedies, the Court need not address Plaintiff's arguments that the FTCA is unconstitutional. *See* ECF No. 5.